IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. HERR, PATRICK E. BARNES, RICHARD C. HERTZOG, RICHARD HILDEBRAND, JOSEPH P. MCSHANE, ADAM M. GRUBE, DONALD MAY, JULIUS WENNER, JILLIAN BAER<br><br>Plaintiffs,<br><br>v.<br><br>LEHIGH NORTHAMPTON AIRPORT AUTHORITY,<br><br>Defendant. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiffs, by undersigned counsel, seek all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") against Defendant as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, and Defendant conducts business in this District.

### PARTIES

3. Plaintiff James M. Herr ("Herr") is an individual currently residing in Reading, Pennsylvania. He has been employed by Defendant Lehigh Northampton Airport Authority ("Defendant") as a firefighter from on or about May 2013 through present.

4. Plaintiff Patrick E. Barnes ("Barnes") is an individual currently residing in Easton,

Pennsylvania. He has been employed by Defendant as a firefighter from on or about June 2002 through present.

5. Plaintiff Richard C. Hertzog ("Hertzog") is an individual currently residing in Catasauqua, Pennsylvania. He has been employed by Defendant as a firefighter from on or about July 2016 through present.

6. Plaintiff Richard Hildebrand ("Hildebrand") is an individual currently residing in Walnutport, Pennsylvania. He has been employed by Defendant as a firefighter from on or about April 2015 through present.

7. Plaintiff Joseph P. McShane ("McShane") is an individual currently residing in Northampton, Pennsylvania. He has been employed by Defendant as a firefighter from on or about May 1986 through present.

8. Plaintiff Adam M. Grube ("Grube") is an individual currently residing in Wind Gap, Pennsylvania. He has been employed by Defendant as a firefighter from on or about November 2010 through present.

9. Plaintiff Donald May ("May") is an individual currently residing in Nazareth, Pennsylvania. He was employed by Defendant as a firefighter from on or about April 1974 through on or about February 2015.

10. Plaintiff Julius Wenner ("Wenner") is an individual currently residing in Bethlehem, Pennsylvania. He was employed by Defendant as a firefighter from on or about January 1985 through on or about December 2015.

11. Plaintiff Jillian Baer (collectively with Herr, Barnes, Hertzog, Hildebrand, McShane, Grube, May and Wenner, "Plaintiffs") is an individual currently residing in Coopersburg, Pennsylvania. Jillian Baer is the widow of Daniel Baer and authorized executrix

and administrator for the Estate of Daniel Baer.

12. Daniel Baer was employed by Defendant as a firefighter from on or about May 1987 through on or about January 2015.

13. Pursuant to Fed. R. Civ. P. 17(a)(1), Plaintiff Jillian Baer joins this action in her own name, for the benefit of, and successor in interest to, the Estate of Daniel Baer.

14. Defendant is a Pennsylvania municipal corporation, created under the Pennsylvania Municipal Authorities Act of May 2, 1945, P.L. 382 ("PMAA").[1]

15. Defendant was formed under the PMAA for "the purpose of acquiring, holding, improving, maintaining and operating, owning or leasing, either in the capacity of lessor or lessee, of lands and buildings to be devoted wholly or partially to public use for revenue producing purposes in connection with the ownership and operation of the Lehigh Valley International Airport located in Hanover Township, Lehigh County, Pennsylvania, and all facilities necessary or incident thereto."[2]

16. Defendant operates Lehigh Valley International Airport ("LVIA") and employs Plaintiffs as firefighters in its Aircraft Rescue Fire Department ("Firefighters") in this Judicial District.[3]

17. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

18. Defendant's annual gross volume of business exceeds $500,000.

---

[1] *See* http://www.flylvia.com/wp-content/uploads/2014/09/LNAA-Rules-and-Regulations.pdf (last accessed 2/24/2017) at § 2.1.
[2] *Supra*, n. 1.
[3] See http://www.flylvia.com/stay-connected/police-department/ (last accessed 2/24/2017).

3

## FACTS

19. At all times relevant to this action, Defendant was party to a collective bargaining agreement ("CBA" attached hereto as Exhibit A) with International Association of Firefighters Local 2227 ("Local 2227").

20. The CBA covers the terms and conditions of employment for Defendant's Firefighters, including Plaintiffs, but does not supplant any employee rights under the FLSA.

21. The CBA provides, *inter-alia*, that Defendant compensate Plaintiffs at a rate of one and one half (1 ½) times Plaintiffs' regular rates of pay ("Overtime Rate") for all hours worked in excess of 212 hours during a 28-day work period. Ex. A, Art. XIV, § 1.

22. The CBA does not provide when each 28-day work period begins or ends.

23. Plaintiffs each regularly worked a minimum schedule of 24 hours on, 48 hours off, sometimes in excess thereof.

24. Plaintiffs each regularly worked in excess of 40 hours per workweek.

25. Plaintiffs each regularly worked 224 hours or more in any given 28-day work period.

26. Defendant failed to compensate Plaintiffs at Overtime Rate for all hours worked in excess of 40 hours in a workweek.

27. Defendant failed to compensate Plaintiffs at Overtime Rate for all hours worked in excess of 212 hours in a 28-day work period.

28. Defendant knew or should have known that Plaintiffs were not paid at Overtime Rate for all hours worked in excess of 40 in a workweek.

29. Defendant knew or should have known that Plaintiffs were not paid at Overtime Rate for all hours worked in excess of 212 in a 28-day work period.

30. Defendant is a sophisticated municipal corporation with access to knowledgeable human resource specialists and competent labor counsel.

31. During calendar year 2015, Defendant received operating revenues in excess of $22 Million.[4]

32. Herr repeatedly met with representatives of Defendant to complain that he and others did not receive all overtime pay due them under the FLSA, yet Defendant willfully refused to pay Herr his unpaid overtime, and also willfully refused to prospectively change its compensation practices.

33. Defendant acted willfully and with reckless disregard of clearly applicable FLSA and state law provisions by failing to compensate Plaintiffs at Overtime Rate for all hours worked in excess of 40 during the workweek.

34. Defendant acted willfully and with reckless disregard of clearly applicable FLSA and state law provisions by failing to compensate Plaintiffs at Overtime Rate for all hours worked in excess of 212 during a 28-day work period.

### COUNT I – UNPAID OVERTIME – 40 HOURS PER WEEK
**Violations of the Fair Labor Standards Act**

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The FLSA requires that covered employees be compensated at Overtime Rate for all hours worked in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1).

37. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

38. During all relevant times, Defendant was and is an "employer" engaged in interstate

---

[4] http://www.flylvia.com/public-info/2016-documents/2014-final-audit/ (last accessed 2/27/2017).

5

commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

39. During all relevant times, Plaintiffs were and are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

40. Plaintiffs are not exempt from the requirements of the FLSA. Plaintiffs are entitled to be paid at Overtime Rate for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

41. Defendant failed to comply with 29 U.S.C. § 207(a)(1) by failing to compensate Plaintiffs at Overtime Rate for all hours worked over forty (40) in a workweek.

42. Defendant knowingly failed to compensate Plaintiffs at Overtime Rate for all hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

43. Defendant also failed to make, keep, and preserve records with respect to Plaintiffs sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

44. Defendant failed to maintain payroll records containing the time of day and day of week on which Plaintiffs' workweeks or work periods began.

45. Defendant failed to clearly communicate to Plaintiffs an established and regularly recurring work period of between 7 and 28 days, including starting and ending days and times for such work period.

46. In violating the FLSA, Defendant, acted willfully and with reckless disregard of clearly applicable FLSA provisions.

47. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages,

6

liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**COUNT II – UNPAID OVERTIME – 212 HOURS PER 28-DAY WORK PERIOD**
**Violations of the Fair Labor Standards Act**
**(In the Alternative to Count I)**

48. Paragraphs 1 through 34 are incorporated as though fully set forth herein.

49. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

50. During all relevant times, Defendant was and is an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51. During all relevant times, Plaintiffs were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

52. With regard to an employer who is a "public agency" (as defined at 29 U.S.C. § 203(x)) employing those engaged in fire protection services, the FLSA partially exempts that employer from the duty under 29 U.S.C. § 207(a) to compensate its employees at an Overtime Rate for all hours worked in excess of 40 in a workweek, by allowing the employer to pay an overtime premium for all hours worked in excess of a threshold of up to 212 hours in a given work period of up to 28 days. 29 U.S.C. § 207(k)(1)(B); 29 C.F.R. § 553.201.

53. In order for an employer to benefit from the partial exemption in the preceding paragraph, the work period must be "established and regularly recurring." 29 C.F.R. § 553.224.

54. Defendant did not compensate Plaintiffs at Overtime Rate for all hours worked in excess of 212 during any given 28-day work period.

55. Defendant did not compensate Plaintiffs at Overtime Rate for all hours worked in excess of the applicable maximum hour threshold for any given work period of between seven (7)

and 28 days, in violation of 29 C.F.R. § 553.230(c).

56. Assuming, without admitting, that Defendant complied with the partial exemption found at 29 U.S.C. § 207(k), Defendant still violated 29 U.S.C. § 207(a) by failing to pay Plaintiffs at Overtime Rate for either: (1) all hours worked in excess of 212 during a 28-day work period, or (2) for all hours worked in excess of the equivalent threshold for any given work period of between seven (7) and 28 days, in violation of 29 C.F.R. § 553.230(c).

57. Defendant knowingly failed to compensate Plaintiffs at Overtime Rate for all hours worked in excess of 212 per 28-day work period, in violation of 29 U.S.C. § 207(a)(1).

58. Defendant knowingly failed to compensate Plaintiffs at Overtime Rate for all hours worked in excess of the equivalent threshold for any given work period of between seven (7) and 28 days, in violation of 29 U.S.C. § 207(a)(1).

59. Defendant also failed to make, keep, and preserve records with respect to Plaintiffs sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

60. Defendant failed to maintain payroll records containing the time of day and day of week on which Plaintiffs' work periods began.

61. In violating the FLSA, Defendant, acted willfully and with reckless disregard of clearly applicable FLSA provisions.

62. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who fail to pay an employee wages in conformance with the FLSA, shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

a. Back pay damages (including unpaid overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

b. Liquidated damages to the fullest extent permitted under the law;

c. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

d. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Dated: March 22, 2017

Respectfully Submitted,

JENNINGS SIGMOND, P.C.

by: /s/ James E. Goodley

James E. Goodley (PA 315,331)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 351-0613
Facsimile: (215) 922-3524
jgoodley@jslex.com

*Attorney for Plaintiffs*